IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STAN KOCH & SONS TRUCKING, INC.<br><br>Defendant. | ) | Civil Action No: ____________<br><br>**COMPLAINT** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Alana Nelson and a class of aggrieved female job applicants and employees. Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least February 2013 Defendant Stan Koch & Sons Trucking, Inc. ("Defendant") has subjected Ms. Nelson and a class of aggrieved female job applicants and employees to a sex discriminatory physical abilities test that resulted in those job applicants and employees being denied employment opportunities because of their sex, female, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Minnesota and other

jurisdictions.

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to institute this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Stan Koch & Sons Trucking Co., Inc. ("Defendant") has been continuously doing business in the State of Minnesota and has continuously employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Alana Nelson filed a charge of discrimination with the Commission alleging that Defendant committed violations of Title VII.

7. In her charge, EEOC Charge No. 846-2014-00426, Ms. Nelson alleged that Defendant discriminated against her on the basis of her sex (female) when she was discharged from her employment with Defendant because she failed the CRT test.

8. On December 19, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Ms. Nelson and a class of female job applicants and employees to sex discrimination through its use of the CRT test.

9. The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. On April 24, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. The CRT test is an isokinetic apparatus developed by Cost Reduction Technologies, Inc. that purports to measure an individual's knee, shoulder, and trunk strength, range of motion, and endurance.

14. Since at least February 2013 and continuing to present, Defendant has required job applicants who have received conditional offers of hire for "medium duty" driver positions to take and achieve a passing score on the CRT test.

15. The "medium duty" classification of driver positions at Defendant includes all driver positions to which Defendant has assigned a DOL exertional classification of "medium" and includes, but is not limited to, "Van/Flatbed Driver" and related job titles.

16. Defendant revokes the conditional job offers of job applicants for "medium duty" driver positions who fail to achieve a passing score on the CRT test.

17. Since at least February 2013 and continuing to present, Defendant has required employees in "medium duty" driver positions to take and achieve a passing score on the CRT test

before allowing them to return to work following a medical leave of absence.

18. Defendant discharges employees in "medium duty" driver positions seeking to return to work from a medical leave of absence who fail to achieve a passing score on the CRT test.

19. At all times since February 2013, Defendant has used a minimum passing score of 171 on the CRT test for its "medium duty" driver positions.

20. Defendant's use of the CRT test has a disparate impact on female job applicants and employees for "medium duty" driver positions because of sex.

21. As a result of Defendant's use of the CRT test complained of in Paragraphs 13 through 20 above, Defendant has revoked conditional offers of hire and/or discharged Ms. Nelson and a class of other aggrieved female job applicants and employees because of their sex, female, in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (2).

22. The effect of the practices complained of in Paragraphs 13 through 20, above, has been to deprive Ms. Nelson and the class of other aggrieved female job applicants and employees of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their sex, female.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction prohibiting Defendant, its officers, agents, employees, and all persons in active concert or participation with them, from administering the CRT test as a requirement to be hired or returned to work into any "medium duty" driver position or in in relation to any other term, condition, or privilege of employment in these positions.

B. Grant a permanent injunction prohibiting Defendant, its officers, agents,

employees, and all persons in active concert or participation with them, from implementing any other employment practice, such as an employment test, that causes disparate impact on female job applicants or employees because of sex and that is not job-related for the position(s) in question and consistent with business necessity or for which there is an alternative employment practice that causes less impact, as well as any other employment practice that discriminates because of sex.

C. Order Defendant to institute and carry out training, policies, practices, and programs that provide equal employment opportunities based on sex, and that ensure that its operations are free from employment practices, such as employment tests, that cause unlawful disparate impact on female job applicants or employees because of sex.

D. Order Defendant to make and maintain for inspection such records concerning its employment testing, and to provide to the Commission such reports as are appropriate to enable the Commission to monitor Defendant's compliance with the Court's prohibitory injunction concerning employment practices that cause an unlawful disparate impact because of sex.

E. Order Defendant to provide to the Commission reports identifying and describing any alternative employment practices that it adopts in lieu of the CRT test.

F. Order Defendant to make whole Ms. Nelson and all individuals in the class of other aggrieved female job applicants and employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or instatement into the positions that Nelson and other aggrieved female job applicants and employees were previously denied as a result of Defendant's unlawful employment practices.

G. Grant such further relief as the Court deems necessary and proper in the public

interest.

H. Award the Commission its costs of this action.

Dated August 7, 2019

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M Street NE
Washington, DC 20507

_s/ Gregory Gochanour_
Gregory Gochanour
Regional Attorney

_s/ Jean Kamp_
Jean Kamp
Associate Regional Attorney

_s/ Laurie Vasichek_
Laurie Vasichek
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
330 2nd Ave., Suite 430
Minneapolis, MN 55401
(612) 552-7315
Laurie.Vasichek@EEOC.gov

_s/ Elizabeth B. Banaszak_
Elizabeth B. Banaszak
Trial Attorney
U.S. Equal Employment Opportunity Commission
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
(312) 872-9676
Elizabeth.Banaszak@EEOC.gov